[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11500
_____

D.C. Docket No. 6:12-cv-01618-ACC-KRS


FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,


versus


HES MERCHANT SERVICES COMPANY, INC.
a Florida corporation,
HAL E. Smith,
individually and as an officer of HES
Merchant Services Company, Inc.,
a.k.a. H.E. Smith,
a.k.a Harold E. Smith,
a.k.a. Howell E. Smith,


Defendants-Appellants.

_____

No. 15-13380
_____

D.C. Docket No. 6:12-cv-01618-ACC-KRS


FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,


versus

UNIVERSAL PROCESSING SERVICES OF WISCONSIN, LLC,
a New York limited liability company,
d.b.a. Newtek Merchant Solutions,

                                                        Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(June 14, 2016)

Before HULL and ANDERSON, Circuit Judges, and MORENO,* District Judge.

PER CURIAM:

        We have had the benefit of extended oral argument in this case, and have
carefully reviewed the briefs, the district court orders, and relevant parts of the
record.  With respect to the appeal of Smith and his wholly-owned corporation,
HES Merchant Services Co, Inc., we conclude that there is no reversible error with
respect to the district court's grant of summary judgment in favor of the FTC or
with respect to the district court's injunction.  We agree with the district court that
Smith failed to create genuine issues of material fact to avoid summary judgment.
We cannot conclude that the district court erred in disregarding Smith's affidavit;

_____
*Honorable Federico A. Moreno, United States District Judge for the Southern District of
Florida, sitting by designation.

2

its assertions were either properly disregarded as conclusory or as inconsistent with Smith's deposition and therefore properly considered a sham.  With respect to the injunction, we cannot agree with Smith that the district court ignored his age and health.  There was ample evidence to support the district court's finding that Smith's "participation in this and other telemarketing schemes was obvious and substantial, and with a high degree of scienter; he does not appear to recognize the wrongful nature of his conduct, as he apparently intends to resume similar business activities; and there is no reason to believe that he will abstain from future violations merely because of his age or health."  We cannot conclude that the district court abused its discretion in this regard.

And with respect to Smith and HES, the district court's imposition of joint and several liability for equitable money relief in the amount of $1,734,972 was entirely appropriate.  The district court found that the TYS defendants (including Smith and his HES corporation) committed the various violations operating together as a common enterprise.  D.C. Docket 208 at 9-10.  The district court also found that Smith, acting for himself and HES,[1] "had an ample degree of control over the entire operation and knowledge of its deceptive practices."  Id. at 11.

---

[1]    Smith concedes that HES is his alter ego.

3

Smith has failed to point to evidence creating a genuine issue of fact in this regard. Smith's other challenges to the district court's order awarding equitable monetary relief are wholly without merit.

However, we conclude that the district court's order awarding equitable monetary relief against UPS must be vacated. Although the district court did not specifically name UPS as part of the common enterprise, the district court did refer to the "corporate defendants." On the other hand, the district court appeared to not include UPS in the common enterprise. If UPS was not included in the common enterprise, then the district court provided no explanation as to why joint and several liability in the amount of $1,734,972 was appropriate, and made no findings which made such an award obviously appropriate. Accordingly, we vacate the judgment of the district court with respect to UPS only and only insofar as it imposed upon UPS joint and several liability for equitable monetary relief in the amount of $1,734,972, and we remand this case for findings of fact and conclusions of law as to whether and why UPS is jointly and severally liable for restitution and in what amount.

For the foregoing reasons, and for the reasons set out in the district court's several orders, the judgment of the district court is affirmed in all respects, except that it is vacated insofar as it awarded joint and several liability for equitable

monetary relief in the amount of $1,734,972 against UPS and remanded for further proceedings consistent with this opinion.

AFFIRMED IN PART, VACATED IN PART, and REMANDED.